KEKER & VAN NEST LLP
JOHN KEKER - #49092
   jkeker@kvn.com
PAULA L. BLIZZARD - #207920
   pblizzard@kvn.com
THOMAS E. GORMAN - #279409
   tgorman@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:   415-391-5400
Facsimile:   415-397-7188

PROSKAUER ROSE LLP
BRADLEY I. RUSKIN (*pro hac vice*)
   bruskin@proskauer.com
Eleven Times Square
New York, NY  10036
Telephone:   212-969-3000
Facsimile:   212-969-2900

PROSKAUER ROSE LLP
SCOTT P. COOPER (SBN 96905)
   scooper@proskauer.com
SARAH KROLL-ROSENBAUM (SBN 272358)
   skroll-rosenbaum@proskauer.com
JENNIFER L. ROCHE (SBN 254538)
   jroche@proskauer.com
SHAWN S. LEDINGHAM, JR. (SBN 275268)
   sledingham@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   310-557-2900
Facsimile:   310-557-2193

Attorneys for Defendants
OFFICE OF THE COMMISSIONER OF BASEBALL,
an unincorporated association doing business as Major League
Baseball; and ALLAN HUBER "BUD" SELIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA/SAN JOSÉ DIVISION

| | |
|---|---|
| CITY OF SAN JOSÉ; CITY OF SAN JOSÉ AS SUCCESSOR AGENCY TO THE REDEVELOPMENT AGENCY OF THE CITY OF SAN JOSÉ; and THE SAN JOSÉ DIRIDON DEVELOPMENT AUTHORITY,<br><br>          Plaintiffs,<br>   v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as Major League Baseball; and ALLAN HUBER "BUD" SELIG,<br><br>          Defendants. | Case No. 13-CV-02787-RMW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Judge:   Hon. Ronald M. Whyte<br><br>Date Filed: June 18, 2013<br><br>Trial Date:  None set |

Defendants Office of the Commissioner of Baseball and Allan Huber "Bud" Selig ("Defendants"), by and through their attorneys Keker & Van Nest LLP and Proskauer Rose LLP, hereby submit their Answer to the Complaint of plaintiffs City of San José, City of San José as Successor Agency to the Redevelopment Agency of the City of San José, and the San José Diridon Development Authority ("Plaintiffs"). Defendants deny all of the allegations in the Complaint unless expressly admitted herein.

## I.   INTRODUCTION[1]

1. No response is required to the allegations in Paragraphs 1, 2, 4, 5, 7-9, 11-19, and 22 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

2. Defendants deny each of the allegations in Paragraph 3, except admit that there are thirty Major League Baseball clubs in the United States and Canada, and that the clubs compete against each other on the baseball field in regularly scheduled games. Defendants further admit that professional baseball is a business of significant economic size.

3. Defendants deny the allegations in the last sentence in Paragraph 6, and state that the Major League Constitution was amended in 2012. No response is required to the remaining allegations in Paragraph 6 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

4. Defendants deny each of the allegations in Paragraph 10, except admit that Major League Baseball ("MLB") includes thirty separately owned MLB clubs in the United States and Canada. No response is required to the remaining allegations in Paragraph 10 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

5. Defendants deny each of the allegations in Paragraph 20, except admit that Alameda and Santa Clara counties are contiguous. Defendants further admit that the Athletics play their home games in a stadium in Alameda County. Defendants further admit that the NFL

---

[1] The headings used in this Answer are the headings created by Plaintiffs and used in the Complaint.

1  team the Oakland Raiders also plays its home football games in the same stadium during the
2  professional football season and that as of 2013, it is the only stadium that is used as the home
3  stadium for an MLB club and an NFL football team.  Defendants further admit that there is
4  revenue sharing among the thirty MLB clubs.  Defendants lack sufficient knowledge or
5  information to form a belief as to the truth of the allegations that the City of San José has one of
6  the fastest growing populations in the Bay Area and is home to dozens of large technology
7  companies, and on that basis deny them.

8       6.     Defendants deny each of the allegations in Paragraph 21, except admit that
9  Athletics Investment Group LLC owns and operates the Oakland Athletics.  Defendants further
10 state that they lack sufficient knowledge or information to form a belief as to the truth of the
11 allegation that San José has entered into what purports to be an option agreement (the "Option
12 Agreement") with Athletics Investment Group, LLC, and on that basis deny it.  Defendants
13 further state that the Option Agreement is legally invalid and unenforceable.  No response is
14 required to the remaining allegations in Paragraph 21 because the Court dismissed Plaintiffs'
15 third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that
16 basis Defendants deny them.

17      7.     Defendants deny each of the allegations in Paragraph 23, except admit that
18 Plaintiffs purport to assert causes of action for Tortious Interference with Contractual Advantage
19 and Tortious Interference with Prospective Economic Advantage.  No response is required to the
20 remaining allegations in Paragraphs 23 because the Court dismissed Plaintiffs' third, fourth, fifth,
21 and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny
22 them.

23 **II.     PARTIES**
24      **A.     PLAINTIFFS**

25      8.     Defendants lack sufficient knowledge or information to form a belief as to the
26 truth of the allegations in Paragraph 24, and on that basis deny them, except admit that the City of
27 San José is located in the County of Santa Clara.  Defendants further state that the last sentence of
28 Paragraph 24 consists of legal argument to which no response is required.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them. Defendants further state that the last sentence of Paragraph 25 consists of legal argument to which no response is required.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

**B.    DEFENDANTS**

11. Defendants deny each of the allegations in Paragraph 27, except admit that the Office of the Commissioner of Baseball is an unincorporated association also doing business as Major League Baseball with thirty MLB member clubs. Defendants further admit that the corporate headquarters for MLB are located at 245 Park Avenue, New York, New York and that MLB is a significant provider of major league professional baseball games.

12. Defendants deny each of the allegations in Paragraph 28, except admit that the Office of the Commissioner of Baseball was created pursuant to the Major League Agreement, which was entered into by the National and American Leagues and the MLB clubs then in existence.

13. Defendants deny each of the allegations in Paragraph 29, except admit that the MLB clubs are, by mutual agreement, bound by the Major League Constitution and all rules, regulations, resolutions, agreements, bulletins, and directives adopted pursuant thereto (together, the "MLB Constitution and Rules") and that the Major League Constitution may be amended by a vote of the MLB clubs in accordance with its terms. No response is required to the remaining allegations in Paragraph 29 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

14. No response is required to the allegations in Paragraph 30 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

15. Defendants deny each of the allegations in Paragraph 31, except admit that Defendant Allan Huber "Bud" Selig is a resident of Wisconsin and is the Commissioner of Baseball. Defendants further admit that Commissioner Selig has served in that capacity since

1998 and that he served as the Chairman of the Major League Executive Council between 1992 and 1998.

### C. RELEVANT MARKETS

16. No response is required to the allegations in Section II(C), Paragraphs 32-36, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

### III. JURISDICTION AND VENUE

#### A. FEDERAL JURISDICTION

17. Paragraph 37 consists of legal argument to which no response is required.

#### B. STATE PENDENT JURISDICTION

18. Paragraph 38 consists of legal argument to which no response is required except that Defendants admit that this Court has subject matter jurisdiction over the remaining claims in this action pursuant to 28 U.S.C. § 1367. No response is required to the remaining allegations in Paragraph 38 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

#### C. VENUE

19. Paragraph 39 consists of legal argument to which no response is required.

#### D. INTRADISTRICT ASSIGNMENT

20. Paragraph 40 consists of legal argument to which no response is required.

### IV. NATURE OF INTERSTATE TRADE AND COMMERCE

21. No response is required to the allegations in Section IV, Paragraphs 41-45, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

### V. FACTUAL BACKGROUND

#### A. RELEVANT HISTORY OF THE ATHLETICS

22. Defendants admit the allegations in Paragraph 46.

23. Defendants deny each of the allegations in Paragraph 47, except admit that the Philadelphia Athletics baseball club was founded in 1901 as part of the American League, in the

American League's first year as a Major League.  Defendants admit that the Athletics won the World Series in 1910, 1911, 1913, 1929, and 1930.  Defendants further admit that, after the 1954 season, the Athletics moved to Kansas City.

24. Defendants deny each of the allegations in Paragraph 48, except admit that, after the 1967 season, the Athletics moved to Oakland.  Defendants admit that the Athletics won the World Series in 1972, 1973, 1974, and 1989 and, in addition to those years, the Athletics won the American League Championship Series in 1988 and 1990.  Defendants admit that the Athletics have won the American League West Champion title seven times since 1990, including this year, but have not played in the World Series since 1990.  Defendants further admit that Walter Haas purchased the Athletics in 1980.

25. Defendants deny each of the allegations in Paragraph 49, except admit that there is revenue sharing among the MLB clubs.

26. Defendants deny each of the allegations in Paragraph 50, except Defendants admit that the Athletics play their home games in O.co Coliseum, which was formerly known as the Oakland-Alameda County Coliseum.  Defendants further admit that the NFL team the Oakland Raiders also plays its home football games in O.co Coliseum during the professional football season and that as of 2013, it is the only stadium that is used as the home stadium for an MLB club and an NFL football team.

27. Defendants deny each of the allegations in Paragraph 51, except admit that during the 2012 and 2013 MLB seasons, the San Francisco Giants had higher average home game attendance figures than the Oakland Athletics.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and on that basis deny them, except Defendants admit that as of 2013, the O.co Coliseum is the only stadium that is used as the home stadium for an MLB club and an NFL football team and is the fifth oldest ballpark currently in use in MLB.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

**B.    RELEVANT HISTORY OF THE CROSS BAY RIVAL – THE GIANTS**

30.    No response is required to the allegations in Section V(B), Paragraphs 54-58, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

**C.    THE TERRITORIAL DISPUTE BETWEEN THE A's AND GIANTS**

31.    No response is required to the allegations in Paragraphs 59-66, 69-71, 87, 89-93, and 95-97 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

32.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny them, except admit that the Athletics pursued the possibility of a new stadium in Fremont, California.

33.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny them.

34.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72, and on that basis deny them.

35.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny them.

36.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74, and on that basis deny them, except admit that a letter dated September 10, 2010 on "Silicon Valley Leadership Group" letterhead was sent to MLB urging Commissioner Selig to approve the Athletics' move to San José and that the letter purported to be on behalf of seventy-five Silicon Valley CEOs and senior executives.  Defendants also admit that a copy of the September 10, 2010 letter is attached as Exhibit 2 to the Complaint.

37.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny them, except admit that as alleged in footnote 2, Governor Brown signed ABX1 26 into law on June 28, 2011.

38.    Defendants deny each of the allegations in Paragraph 76, except admit that a copy of the Option Agreement is attached as Exhibit 3 to the Complaint.

39. Defendants deny each of the allegations in Paragraph 77.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78, and on that basis deny them.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny them.

42. Defendants deny each of the allegations in Paragraph 80, except admit that on December 2, 2011, an entity named Stand for San Jose filed a civil action against the City of San José, the Redevelopment Agency of the City of San José, among others, in Santa Clara Superior Court, Case No. 1-11-CV-214196.  Defendants further state that Stand for San Jose named Athletics Investment Group LLC as the real party in interest in that action.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81, and on that basis deny them, except admit that a letter dated April 2, 2013 was addressed to Commissioner Selig from San José Mayor Reed and that the statement quoted in Paragraph 81 constitutes a partial and not entirely accurate excerpt of that letter.

44. Defendants deny each of the allegations in Paragraph 82, except admit that a letter dated April 4, 2013 was sent from Commissioner Selig to Mayor Reed.  Defendants further admit that the letter included, among other things, the following:  "As you know, Major League Baseball is currently evaluating this request in accordance with our rules.  As part of this process, our Select Committee has been in frequent contact with the City of San Jose.  If you believe there is additional information that Major League Baseball should consider in completing its assessment, the best way to proceed at this time continues to be for you to contact Robert Starkey or other members of the Committee."

45. Defendants deny each of the allegations in Paragraph 83, except admit that Commissioner Selig appointed a committee in March 2009 and that the committee members were Robert Starkey, Corey Busch, and Irwin Raij.

46. Defendants deny the allegations in Paragraph 84, except admit that in January 2012, Commissioner Selig participated in a press conference and that press reports of that press

conference state among other things that Commissioner Selig used the words "front burner" as part of a response to a question. Defendants also admit that on March 7, 2012, Pat Courtney, a spokesperson for MLB, participated in a press conference and that press reports of that press conference state among other things that Mr. Courtney stated in response to a question that, "No decisions have been made." Defendants further admit that on May 16, 2013, Commissioner Selig participated in a press conference and that a press report of that press conference stated among other things that "there was no news on Oakland's quest for a new ballpark in San Jose," and that "the committee he appointed in March 2009 is still at work."

47. Defendants deny each of the allegations in Paragraph 85, except admit that the Athletics have expressed the desire to move to San José. No response is required to the remaining allegations in Paragraph 85 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

48. Defendants deny each of the allegations in Paragraph 86.

49. Defendants deny each of the allegations in Paragraph 88 except admit that the relocation of the Athletics to San José, which is within the San Francisco Giants' operating territory, would be subject to the MLB Constitution and Rules.

50. Defendants deny each of the allegations in Paragraph 94.

51. Defendants deny each of the allegations in Paragraph 98.

### D. **MLB'S REFUSAL TO PERMIT RELOCATION OF THE OAKLAND A'S CLUB RESTRAINS COMPETITION AND CREATES ANTICOMPETITIVE EFFECTS THAT WILL LEAD TO CONSUMER HARM**

52. No response is required to the allegations in Section V(D), Paragraphs 99-101, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

**E.     THE MLB CONSTITUTION**

53.    No response is required to the allegations in Paragraphs 102-107 and 110-116 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

54.    Defendants deny each of the allegations in Paragraph 108, except admit that among the MLB Constitution and Rules applicable to a club relocation request, the Major League Constitution requires a three-fourths vote of the MLB clubs.  Defendants also admit that the MLB Constitution and Rules require a three-fourths vote of the clubs for the amendment of the Major League Constitution, including the definition of operating territories, and for an expansion of the number of MLB clubs.

55.    Defendants deny each of the allegations in Paragraph 109, except admit that the MLB Constitution and Rules require among other things that all disputes and controversies between MLB clubs related in any way to professional baseball shall not be subject to litigation and shall be submitted to the Commissioner as arbitrator and resolved in accordance with the terms of the MLB Constitution and Rules.

**F.     THE GIANTS BLOCK THE A'S RELOCATION TO SAN JOSÉ**

56.    No response is required to the allegations in Section V(F), Paragraphs 117-119, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

**G.     DEFENDANTS' CONDUCT LIMITS COMPETITION IN THE BAY AREA BASEBALL MARKET AND PERPETUATES THE GIANTS' MONOPOLY OVER THE SANTA CLARA MARKET**

57.    No response is required to the allegations in Section V(G), Paragraphs 120-121, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

9
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. 13-CV-02787 RMW

792332.01

1  **H.  THE AGREEMENTS HAVE RESTRAINED COMPETITION AND HAVE
2      HAD ANTICOMPETITIVE EFFECTS AND LED TO CONSUMER HARM**

3  58. No response is required to the allegations in Section V(H), Paragraphs 122-128,
4  because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order
5  dated October 11, 2013, and on that basis Defendants deny them.

6  **I.  MLB HAS INTERFERED WITH PLAINTIFFS' CONTRACTUAL
7      RELATIONSHIP WITH THE ATHLETICS AND ITS FUTURE
8      ECONOMIC ADVANTAGE**

9  59. Defendants deny each of the allegations in Paragraph 129.
10 60. Defendants deny each of the allegations in Paragraph 130.
11 61. Defendants deny each of the allegations in Paragraph 131.
12 62. Defendants deny each of the allegations in Paragraph 132.

13 **J.  PLAINTIFFS HAVE SUFFERED ANTITRUST INJURY**

14 63. No response is required to the allegations in Section V(J), Paragraphs 133-150,
15 because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order
16 dated October 11, 2013, and on that basis Defendants deny them.

17 **VI.  CLAIMS FOR RELIEF**

18 **COUNT ONE**

19 **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

20 64. With respect to the allegations in Paragraph 151, Defendants repeat and
21 incorporate their answers set forth in the preceding Paragraphs 1-63.
22 65. Defendants deny each of the allegations in Paragraph 152.
23 66. Defendants deny each of the allegations in Paragraph 153.
24 67. Defendants deny each of the allegations in Paragraph 154.
25 68. Defendants deny each of the allegations in Paragraph 155.
26 69. Defendants deny each of the allegations in Paragraph 156.
27 70. Defendants deny each of the allegations in Paragraph 157.
28

## COUNT TWO

## TORTIOUS INTERFERENCE WITH CONTRACTUAL ADVANTAGE

71. With respect to the allegations in Paragraph 158, Defendants repeat and incorporate their answers set forth in the preceding Paragraphs 1-70.

72. Defendants deny each of the allegations in Paragraph 159.

73. Defendants deny each of the allegations in Paragraph 160.

74. Defendants deny each of the allegations in Paragraph 161, except admit that they were aware of the existence of the purported Option Agreement.  Defendants further state that the Option Agreement is legally invalid and unenforceable.

75. Defendants deny each of the allegations in Paragraph 162.

76. Defendants deny each of the allegations in Paragraph 163.

77. Defendants deny each of the allegations in Paragraph 164.

78. Defendants deny each of the allegations in Paragraph 165.

## COUNT THREE

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

79. No response is required to the allegations in Count Three, Paragraphs 166-177, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

## COUNT FOUR

## VIOLATION OF THE CALIFORNIA CARTWRIGHT ACT

80. No response is required to the allegations in Count Four, Paragraphs 178-190, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

## COUNT FIVE

## VIOLATION OF SECTION 2 OF THE SHERMAN ACT

81. No response is required to the allegations in Count Five, Paragraphs 191-197, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

## COUNT SIX

## VIOLATION OF SECTION 1 OF THE SHERMAN ACT

82. No response is required to the allegations in Count Six, Paragraphs 198-203, because the Court dismissed Plaintiffs' third, fourth, fifth, and sixth causes of action in its Order dated October 11, 2013, and on that basis Defendants deny them.

### VII. PRAYER FOR RELIEF

83. In response to Plaintiffs' prayer for relief, Defendants deny that Plaintiffs are entitled to the requested relief from Defendants, or to any relief whatsoever from Defendants.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear under applicable law, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Relocation Decision Rendered by MLB)**

84. The Complaint and the relief sought therein are barred because MLB rendered its decision on the Oakland Athletics' request to relocate to San José on June 17, 2013.

### SECOND AFFIRMATIVE DEFENSE

**(No Reliance)**

85. The Complaint and the relief sought therein are barred because in entering into the Option Agreement, Plaintiffs did not rely to their detriment on any representation or promise by the Commissioner or MLB, including without limitation, any representation or promise regarding the time within which a decision would be made on any relocation proposal by the Athletics. In a letter dated February 16, 2010, Commissioner Selig asked Mayor Reed to "refrain from any public or official action that would suggest an endorsement by [the Commissioner] or Major League Baseball of the relocation of the A's to San José." San José entered into the Option Agreement nearly 21 months later.

### THIRD AFFIRMATIVE DEFENSE

**(MLB Is a Party to the Promise)**

86.     The Complaint and the relief sought therein are barred because, assuming *arguendo*, any promise could have been implied from any alleged conduct or statement by the Commissioner or MLB to San José Mayor Reed, such a promise cannot form a basis for interference with contract because MLB would have been a party to that promise and therefore cannot legally engage in interference with respect to it.

### FOURTH AFFIRMATIVE DEFENSE

**(MLB Is Not a Stranger to the Option Agreement)**

87.     The Complaint and the relief sought therein are barred because MLB is not a stranger to the Option Agreement upon which Plaintiffs' claims rely, and thus could not have interfered with it.  MLB has a pre-existing contractual relationship with the Athletics, pursuant to which the Athletics must obtain the approval of MLB to relocate to San José.  The Option Agreement expressly recognizes in Resolution No. 75567, which is attached to the Option Agreement as Exhibit C and referenced therein, that MLB's approval is required for the Athletics to relocate to San José.  MLB also has a financial interest in the Option Agreement because MLB's thirty member clubs are financially interdependent and share a mutual economic interest, in which the financial stability and prosperity of one member club affects the financial interests of all other clubs.

### FIFTH AFFIRMATIVE DEFENSE

**(The Option Agreement is Legally Invalid under Health & Safety Code § 34161 *et seq.*)**

88.     The Complaint and the relief sought therein are barred because the Option Agreement upon which Plaintiffs' claims rely is legally invalid.  The Option Agreement was entered into in violation of California Health and Safety Code section 34163(b), which declared "unauthorized" any transfer of assets from an RDA to a government agency after January 1, 2011, and prohibited the selling or encumbering of any RDA asset.  Contrary to law, on March 8, 2011, the City and the San José RDA created a new joint-powers authority, the Diridon JPA, conveying property including parcels that later became subject to the Option Agreement.  On November 8,

2011, the San José RDA and the City (acting through their joint-powers authority) entered into the Option Agreement. In a report dated March 2013, the State Controller's Office found this transfer "unallowable" and ordered the City to reverse the transfer and return those assets to the Successor Agency to be disposed of expeditiously and in a manner aimed at maximizing value.

## SIXTH AFFIRMATIVE DEFENSE

**(The Option Agreement is Legally Invalid under Public Resources Code § 21200 *et seq.*)**

89. The Complaint and the relief sought therein are barred to the extent that the City's Environmental Impact Report ("EIR") is inadequate under the California Environmental Quality Act, Public Resources Code § 21200 *et seq.* ("CEQA"), for any reason, including, but not limited to, those alleged by the petitioner in *Stand For San Jose v. City of San José*, Santa Clara Superior Court, Case Nos. 1-11-CV-214196 and 1-13-CV-250372: (1) inadequately analyzing impacts on transportation, circulation, and parking; (2) failing to identify feasible mitigation measures; (3) inadequately analyzing cumulative impacts; (4) improperly "piecemealing" in violation of CEQA; (5) failing to analyze the environmental impacts of land use conflicts; and (6) failing to address changed circumstances and significant new information. To the extent it is determined that by relying on the City's EIR, Plaintiffs acted in violation of the law and failed to support their actions and approvals with substantial evidence, the Option Agreement is legally invalid and void and may not be the basis of any claim against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

**(The Option Agreement is Legally Invalid Because There Was No Preceding Referendum)**

90. The Complaint and the relief sought therein are barred to the extent Plaintiffs were required to obtain voter approval before entering into the Option Agreement. The petitioner in *Stand For San Jose v. City of San José*, Santa Clara Superior Court, Case Nos. 1-11-CV-214196 and 1-13-CV-250372 contends among other things that: (1) Section 4.95 of the San José Municipal Code prohibits the use of tax dollars in connection with the building of a sports facility, unless first approved by a majority of San José voters; and (2) because the Option Agreement commits land for exclusive use as a Major League Baseball park and sells that land at a price substantially below fair market value, a public vote was required before the Option

Agreement could be entered into. To the extent it is determined that the Option Agreement is legally invalid because Plaintiffs entered into the Option Agreement in violation of San José Municipal Code section 4.95, the Option Agreement may not be the basis of any claim against Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

### (Any Harm "De Minimis")

91. The Complaint and each cause of action alleged therein are barred because any harm or damage suffered by Plaintiffs premised upon MLB's alleged delay in rendering its relocation decision is "de minimis."

### NINTH AFFIRMATIVE DEFENSE

### (Justification)

92. The Complaint and each cause of action alleged therein are barred because Defendants were justified in conducting a thorough review of the Athletics' relocation request and were permitted to do so under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

### (Privilege)

93. The Complaint and each cause of action alleged therein are barred because Defendants were privileged to exercise their rights under the Major League Constitution and Rules to conduct a thorough review of the Athletics' relocation request.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Duty)

94. The Complaint and each cause of action alleged therein are barred because Defendants owed no duty to Plaintiffs, implied or owed as a matter of fact or law, to render a decision with respect to the Athletics' request to relocate to San José within any particular time period.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

95.     To the extent Plaintiffs seek equitable relief, no relief may be obtained pursuant to the Complaint because of the doctrine of unclean hands.  Specifically, Plaintiffs' conduct in entering into the Option Agreement upon which the Complaint is based constituted unclean hands, including, among other things, entering into the Option Agreement in an attempt to circumvent the new redevelopment laws.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

96.     No relief may be obtained pursuant to the Complaint under the doctrine of *in pari delicto*.  Specifically, to the extent Defendants engaged in any alleged wrongdoing with respect to the Athletics' relocation request, Plaintiffs' conduct in connection with the Option Agreement was *in pari delicto* with any alleged conduct by Defendants, including, among other things, Plaintiffs' entering into the Option Agreement in an attempt to circumvent the new redevelopment laws.

**RESERVATION OF RIGHTS**

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to further amend this Answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by virtue of the Complaint;
2. That the Complaint be dismissed;

////

////

////

////

////

3. That judgment be entered in favor of Defendants and against Plaintiffs; and

4. For such other and further relief as the Court may deem just and proper.

Dated: November 26, 2013                               KEKER & VAN NEST LLP

                                                By:   /s/ John Keker
                                                      JOHN KEKER
                                                      PAULA L. BLIZZARD
                                                      THOMAS E. GORMAN

                                                      **PROSKAUER ROSE LLP**
                                                      BRADLEY I. RUSKIN
                                                      SCOTT P. COOPER
                                                      SARAH KROLL-ROSENBAUM
                                                      JENNIFER L. ROCHE
                                                      SHAWN S. LEDINGHAM, JR.

                                                      Attorneys for Defendants
                                                      OFFICE OF THE COMMISSIONER OF
                                                      BASEBALL an unincorporated association
                                                      doing business as Major League Baseball;
                                                      and ALLAN HUBER "BUD" SELIG