UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSÉ; CITY OF SAN JOSÉ AS SUCCESSOR AGENCY TO THE REDEVLOPMENT AGENCY OF THE CITY OF SAN JOSÉ; and THE SAN JOSÉ DIRIDON DEVELOPMENT AUTHORITY<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as Major League Baseball; and ALLAN HUBER "BUD" SELIG,<br><br>Defendants. | Case No. C-13-02787 RMW<br><br>**ORDER DECLINING TO RETAIN SUPPLEMENTAL JURISDICTION OF STATE LAW CLAIMS** |

On October 11, 2013 the court issued its order dismissing Plaintiff City of San Jose's Sherman Act claim and its state law claims for violation of the Cartwright Act and for unfair competition. On November 8, 2013 the court issued its order setting an initial case management conference and requesting the parties address whether the court should retain supplemental jurisdiction of the two surviving state law claims. On December 13, 2013 the court held the initial case management conference. The court now issues this order declining to retain supplemental

ORDER DECLINING TO RETAIN SUPPLEMENTAL JURISDICTION
Case No. C-13-02787 RMW RDS

- 1 -

jurisdiction and dismissing the two remaining state law claims without prejudice to their pursuit in the appropriate state court.

Although the parties, particularly defendants, favor this court's retention of jurisdiction, the court finds that a majority of the relevant factors support the dismissal of the state law claims. The decision is a discretionary one for the district court to make. *Schneider v. TRW, Inc.*, 938 F.2d 986, 993-994 (9th Cir. 1991). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon*); *see* 28 U.S.C. § 1367(c). Considerations of economy, convenience, fairness, and comity are key. *See, e.g.*, *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *Acri*, 114 F.3d at 1001. In the instant case these factors inform the court's decision to not retain jurisdiction. Economy and convenience would not be served by retaining jurisdiction because the case is in its very early stages and little attention has been focused on the state law interference claims. Further, what is left of the case presents purely state law claims which are more appropriately addressed by the state courts.

The court hereby dismisses the remaining state law claims without prejudice so that plaintiff can refile its state law claims in the appropriate state court if it chooses to do so. *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) ("the dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court").

Dated: December 27, 2013

RONALD M. WHYTE
United States District Judge

ORDER DECLINING TO RETAIN
SUPPLEMENTAL JURISDICTION
Case No. C-13-02787 RMW RDS

- 2 -