UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN JOSE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, et al.,<br><br>Defendants. | Case No. 13-cv-02787-RMW<br><br>**ORDER DENYING MOTION TO RELATE**<br><br>Re: Dkt. No. 64 |

On February 11, 2015, defendants Office of the Commissioner of Baseball, Allan Huber "Bud" Selig, and twenty-nine of the thirty Major League Baseball clubs move to relate *Miranda et al. v. Office of the Commissioner of Baseball et al.*, Case No. 3:14-cv-5349 to either: (1) the above captioned case ("*City of San Jose*"); or (2) *Senne, et al. v. Office of the Commissioner of Baseball*, Case No. 3:14-cv-00608-JCS. Dkt. No. 64. Plaintiffs in the *Senne* case filed a response, in which they argue that the *Miranda* and *Senne* cases should not be related. Dkt. No. 66. Neither the plaintiffs in *City of San Jose* nor in *Miranda* have responded. For the reasons set forth below, the court denies defendants' motion to relate.

**I.   *CITY OF SAN JOSE* AND *MIRANDA***

Under Local Rule 3-12(a), "an action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Defendants argue that the *City of San Jose* and *Miranda*

ORDER DENYING MOTION TO RELATE
13-cv-02787-RMW                                                           1

1   cases both accuse Major League Baseball of restraining competition in violation of federal
2   antitrust laws. Dkt. No. 65, at 2. According to defendants, "[b]oth actions turn on the same
3   determinative legal question—whether the Supreme Court's longstanding antitrust exemption
4   continues to apply to 'the business of baseball.'" *Id*. Defendants conclude that because the cases
5   revolve around the same "determinative legal question," "it appears likely that there will be an
6   unduly burdensome duplication of labor and expense or conflicting results if the cases are
7   conducted before different judges." *Id*. at 2–3. The court disagrees.

8       Although both *City of San Jose* and *Miranda* generally involve the application of the long-
9   standing baseball antitrust exemption, this is where the similarities end. The cases arise from
10  different "property, transaction[s] or event[s]," do not involve "substantially the same parties," and
11  implicate different legal questions. Civ. L. R. 3-12(a).

12      First, whereas *City of San Jose* arose out of the proposed relocation of the Oakland
13  Athletics Baseball Club from Oakland to San Jose, *see* Dkt. No. 41, *Miranda* challenges Major
14  League Baseball's practices regarding the compensation of minor league professional baseball
15  players, including the use of reserve clauses in minor league players' contracts, *see* Case No. 3:14-
16  cv-5349, Dkt. No. 1.

17      Second, while Major League Baseball and its member franchises are defendants in both the
18  *City of San Jose* and *Miranda* cases, the cases involve different plaintiffs and plaintiffs' counsel.
19  *City of San Jose* was brought by the City of San Jose and the San Jose Diridon Development
20  Authority based on Major League Baseball's failure to approve the proposed relocation of the
21  Oakland Athletics to San Jose. Dkt. No. 41, at 4. By contrast, *Miranda* was brought by several
22  minor league baseball players on behalf of a class comprised of all minor league baseball players
23  employed by defendant Major League Baseball franchise clubs. *see* Case No. 3:14-cv-5349, Dkt.
24  No. 1, at 9–10.

25      Third, the cases involve different applications of baseball's antitrust exception. The
26  *Miranda* case challenges the legality of the antitrust exemption's application to minor league
27  players and the reserve clause in their contracts, which is the subject of several Supreme Court

28  ORDER DENYING MOTION TO RELATE
    13-cv-02787-RMW        2

1  decisions. *See Federal Base Ball Club of Baltimore, Inc. v. National League of Professional Base Ball Clubs*, 259 U.S. 200 (1922); *Toolson v. New York Yankees, Inc.*, 346 U.S. 356 (1953); *Flood v. Kuhn*, 407 U.S. 258 (1972). *City of San Jose*, on the other hand, involved the question of whether club relocation is a part of the "business of baseball" subject to the Supreme Court's holdings in *Federal Baseball*, *Toolson*, and *Flood*. *See* Dkt. No. 41, at 3. While defendants are correct that both cases ultimately turn on the application of the baseball antitrust exemption, the specific legal issues are largely distinct.

Accordingly, because the court finds that *City of San Jose* and *Miranda* involve different issues, parties, and facts, the court concludes that the cases should not be related. Defendants' motion to relate *City of San Jose* and *Miranda* is therefore denied.

**II.  *SENNE* AND *MIRANDA***

The question of whether to relate the *Miranda* and *Senne* cases is not properly before this court. Under Civil Local Rule 3-12(f), which governs the order in which the relationship between more than two cases should be evaluated, the proper procedure is as follows. First, the judge assigned to the lowest-numbered case decides whether there exists a relationship between the lowest-numbered case and the potentially related case. Civ. L. R. 3-12(f)(2). Next, "the judges assigned to the other cases in order of filing" decide whether relation is proper.

Here, because *City of San Jose* is the lowest-numbered case, the undersigned must first determine whether to relate *Miranda* to *City of San Jose* before Judge Spero, who is assigned to *Senne*, can determine whether *Senne* and *Miranda* should be related. *See* Civ. L. R. 3-12(f)(2). As discussed above, the court declines to relate *City of San Jose* and *Miranda*.

For the reasons set forth above, defendants' motion to relate *City of San Jose* and *Miranda* is denied. The court takes no position on whether *Senne* and *Miranda* should be related.

**IT IS SO ORDERED**.

Dated: March 2, 2015

_____
Ronald M. Whyte
United States District Judge

ORDER DENYING MOTION TO RELATE
13-cv-02787-RMW                                    3